IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-03070-KLM

DIEGO SEDILLO,

     Plaintiff,

v.

LONG VIEW SYSTEMS, CO. (USA),

     Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Plaintiff's **Unopposed Motion to Restrict Public Access to Plaintiff's Motion for Attorney Fees and Non-taxable Expenses** [#87];[1] on Plaintiff's **Unopposed Motion to Restrict Public Access to Defendant's Response to Plaintiff's Motion for Attorney's Fees and Non-taxable Expenses** [#95]; on Plaintiff's **Unopposed Motion to Restrict Public Access to Plaintiff's Reply in Support of His Motion for Attorney Fees and Non-taxable Expenses** [#98]; on Plaintiff's **Unopposed Motion to Restrict Public Access to Defendant's Motion to Strike or, in the Alternative, for Leave to File a Surreply** [#101]; and on Plaintiff's **Unopposed Motion to Restrict Public Access to Plaintiff's Response to Defendant's Motion to Strike or, in the Alternative, for Leave to File a Surreply** [#103] (collectively, the "Motions").

     In accordance with D.C.COLO.LCivR 7.2, the Motions were publicly posted to allow

---

[1] "[#87]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

for any objections to the sealing of the documents. To date, no objections have been filed. However, "[t]he absence of objection alone shall not result in the granting" of a motion to restrict. D.C.COLO.LCivR 7.2(d).

"The Supreme Court has acknowledged a common law right of the public to access judicial records." *Slivka v. Young Men's Christian Ass'n of Pikes Peak Region*, ___ F. Supp. 3d ___, ___, No. 19-cv-00313-PAB, 2019 WL 3059905, at *3 (D. Colo. July 11, 2019) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). "This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system." *Slivka*, 2019 WL 3059905, at *3 (citing *In re Providence Journal Co., Inc.*, 293 F.3d 1, 9 (1st Cir. 2002)). "There is a presumption that documents essential to the judicial process are to be available to the public, but they may be restricted when the public's right of access is outweighed by interests which favor non-disclosure." *Slivka*, 2019 WL 3059905, at *3 (citing *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997)).

A motion to restrict access must (1) "identify the document or the proceeding for which restriction is sought"; (2) "address the interest to be protected and why such interest outweighs the presumption of public access"; (3) "identify a clearly defined and serious injury that would result if access is not restricted"; (4) "explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question"; and (5) "identify the level of restriction sought." D.C.COLO.LCivR 7.2(c).

Pursuant to D.C.COLO.LCivR 7.2, the Court finds that Plaintiff has not shown that the presumption of public access to Court files is outweighed by Plaintiff's interest in privacy, or that a less restrictive alternative is not practicable. At the outset, the Court

notes that it regularly sees motions seeking attorney fees, and it is rare for attorneys to seek full restriction on the briefing and exhibits associated with such motions, although occasionally minor redactions are requested. Plaintiff has directed the Court's attention to no case in which full restriction on these types of motions and exhibits has been permitted.

In the Motions, Plaintiff asserts that he (or his counsel) will incur harm based on "sensitive and confidential information" in the briefs and exhibits, including "information on the qualifications/experience and work of his counsel on sensitive matters for other clients," "work product and communications between Plaintiff and his counsel," discussion of "a confidential arbitration," and the "firm's proprietary information, [such that] publication of Defendant's claims would be commercially harmful to the firm's business." However, Plaintiff does not direct the Court's attention to which documents contain which types of information and does not provide any legal authority supporting his assertion that these types of information should be restricted.

Regardless, the Court has briefly looked through the twenty-two documents Plaintiff asserts should be restricted. *See* [#86, #86-1, #86-2, #86-3, #90, #90-1, #90-2, #90-3, #90-4, #97, #97-1, #97-2, #97-3, #97-4, #97-5, #97-6, #97-7, #97-8, #97-9, #99, #102, #102-1]. Despite Plaintiff's assertion to the contrary, very little, if any, of these documents actually constitutes work product, attorney-client privilege, or other material that should be fully restricted, or even redacted. *See, e.g.*, *United States v. Nobles*, 422 U.S. 225, 238-39 (1975) ("At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case."); *In re Grand Jury Subpoenas*, 144 F.3d 653, 658 (10th Cir. 1998) (stating that the attorney-client privilege "is to be strictly construed" and that its purpose "is to preserve

confidential communications between attorney and client"). As but one of a plethora of examples, a billing record that merely states, "Telephone call with client about claim against Longmont Systems; emails and telephone call with potential client, start reviewing docs," is surely not shielded by either work product or attorney-client privilege. *See Billing Records* [#86-2] at 1. While the Court could, in theory, pore through each document and determine on its own which statements, if any, fall into which protected category, that burden resides with Plaintiff, as the party seeking restriction of these documents. *See Slivka*, 2019 WL 3059905, at *3 (citing D.C.COLO.LCivR 7.2) (noting that the burden is on the party seeking restriction). The Court will not do Plaintiff's work for him.

Further, Plaintiff states that he "has considered a less restrictive alternative; however, due to the nature of the records at issue and Defendant's decision to contest Plaintiff's attorney fee request, the information must be provided, and a less restrictive alternative is not available at this time." This statement, however, is unsupportable. Plaintiff appears to have made no attempt whatsoever to determine what should be restricted versus what should be redacted versus what should be public. As one (but not the only) especially egregious example, Plaintiff seeks full restriction on the Colorado Bar Association's 2017 Economics of Law Practice Survey [#97-6]. The Court can fathom no reason why this publicly-available document would ever need to be restricted or redacted in Court proceedings.

Accordingly,

IT IS HEREBY **ORDERED** that the Motions [#87, #95, #98, #101, #103] are **DENIED without prejudice**. However, given that the Motions were unopposed, the Court will provide Plaintiff with one additional, final opportunity to seek appropriate

restriction/redaction on the currently-restricted documents on the docket: [#86, #86-1, #86-2, #86-3, #90, #90-1, #90-2, #90-3, #90-4, #97, #97-1, #97-2, #97-3, #97-4, #97-5, #97-6, #97-7, #97-8, #97-9, #99, #102, #102-1].  It is clear that very few, if any, of the above-listed documents should be fully restricted.  To the extent Plaintiff believes specific words or phrases should be redacted, Plaintiff shall file redacted versions of the documents which carefully and concisely only redact specific words or phrases.  Based on the Court's initial review of the briefs specifically, the Court notes that there should be very few, if any, large-scale redactions, such as entire paragraphs; the Court will not allow any briefs to be fully restricted.  Plaintiff shall further specify, with legal authority where appropriate, why the Court should permit each restriction or redaction.  Any unsupported, unnecessary large-scale redaction of documents will result in the Court denying any restriction/redaction of that document.  Plaintiff may, of course, voluntarily request that all restrictions be removed from some or all of the documents at issue.  Accordingly,

IT IS FURTHER **ORDERED** that Plaintiff shall filed a renewed motion to restrict **no later than September 6, 2019**.  **Failure to do so will result in all restrictions being removed from the above-named documents without further notice.**

Dated:  August 23, 2019

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge