IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-03070-KLM

DIEGO SEDILLO,

    Plaintiff,

v.

LONG VIEW SYSTEMS CO. (USA),

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Review of Clerk's Taxation of Costs** [#89][1] (the "Motion"). Plaintiff filed a Response [#92] in opposition to the Motion [#89], and Defendant filed a Reply [#96]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#89] is **GRANTED in part and DENIED in part**.

**I. Background**

Plaintiff initially asserted seven claims against Defendant, his former employer, requesting $3.5 million in damages. *See generally Compl.* [#1]. In essence, the claims centered on discrimination, hostile work environment, and retaliatory termination from his

---

[1] "[#89]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

employment. *See generally id.* at 1. The Court dismissed one of Plaintiff's claims on summary judgment, *see* [#46], and the jury found for Defendant on four other claims, *See Minute Entry* [#46]; *Verdict Form* [#73]. Ultimately, Plaintiff succeeded at trial with respect to two hostile work environment claims and was awarded $50,000 in emotional damages. *See Verdict Form* [#73]. After the trial, the Clerk of Court awarded Plaintiff $11,273.68 in costs. *Costs Taxed* [#85]. In the present Motion [#89], Defendant argues that the costs awarded to Plaintiff by the Clerk of Court are excessive and requests that the Court reduce them.

## II. Standard

Fed. R. Civ. P. 54(d)(1) provides that: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "As is apparent from the language of Rule 54(d)(1), 'the determination of who qualifies as a prevailing party is central to deciding whether costs are available.'" *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1233-34 (10th Cir. 2001) (quoting Wright & Miller, *Federal Practice & Procedure* § 2667). Generally, "'the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)(1).'" *Id.* at 1234 (quoting Wright & Miller, *Federal Practice & Procedure*, § 2667) (brackets omitted).

"An award of costs falls within the broad discretion of the district court, which is bounded by two principles: the prevailing party is presumptively entitled to costs and, if costs are denied, the district court must set forth a 'valid reason' for the denial." *Christos v. Halker Consulting, LLC*, No. 16-cv-01838-PAB-NYW, 2019 WL 3778278, at *10 (D. Colo. Aug. 12, 2019) (citing *Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 458-59 (10th Cir. 1995) (en banc)). However, despite the presumption that a

prevailing party is entitled to costs, the "prevailing party bears the burden of establishing the *amount* of costs to which [he] is entitled." *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009) (emphasis added) (citing *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002)). "The amount a prevailing party requests 'must be reasonable.'" *Id.* (citing *Callicrate v. Farmland Indus.*, 139 F.3d 1336, 1339 (10th Cir. 1998)). "Once a prevailing party establishes [his] right to recover allowable costs, however, the burden shifts to the 'non-prevailing party to overcome' the presumption that these costs will be taxed." *Id.* (quoting *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004)).

Where "neither side entirely prevailed, or when both sides prevailed, or when the litigation was thought to be the result of fault on the part of both parties, some courts have denied costs to both sides." *Hach Co. v. In-Situ, Inc.*, No. 13-cv-02201-CBS, 2016 WL 9725765, at *17 (D. Colo. Nov. 22, 2016) (quoting *Barber*, 254 F.3d at 1234-35); *see also Howell Petroleum Corp. v. Samson Res. Co.*, 903 F.2d 778, 783 (10th Cir. 1990) ("The court was within its discretion to refuse to award costs to a party which was only partially successful."); *Rogers v. United States*, No. 97-2666-JWL, 2000 WL 382015, at *2 (D. Kan. Mar. 17, 2000) (denying costs to both sides because both were partially successful). If the Court exercises its discretion to not award costs, the Court must state a valid reason. *Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 722 (10th Cir. 2000).

### III. Analysis

Defendant presents two primary arguments: (1) Plaintiff's limited success at trial means that Plaintiff's costs should be denied or offset, and (2) Plaintiff has not sufficiently

justified the number of copies he made or his copy rate of $0.25 per page. *Motion* [#89]; *Reply* [#96]. The Court addresses each argument in turn.

**A.     Limited Success**

Defendant contends that Plaintiff's costs are unreasonable because of Plaintiff's limited success on his claims. *Motion* [#89] at 4-5. Plaintiff responds that, because he prevailed on two of the seven claims, he is the prevailing party and therefore is entitled to costs. *Response* [#92] at 4. Plaintiff asserts that forcing him to pay for costs "would have a chilling effect on civil rights attorneys' willingness to . . . expend resources fighting against discrimination." *Response* [#92] at 4.

As noted, the Court may reduce costs when a party is only partially successful. *Christos*, 2019 WL 3778278, at *10. Nevertheless, partial success does not automatically overcome the presumption that the prevailing party is entitled to costs; rather, it merely opens the door for the non-prevailing party to "overcome [that] presumption." *See Rodriguez*, 360 F.3d at 1190 (citing *Cantrell*, 69 F.3d at 459).

Plaintiff has met his initial burden by showing he succeeded at trial on some of his claims and by subsequently providing his Bill of Costs [#78] and supporting documentation [#78-1] to the Court. *See Response* [#92] at 5; *Costs Taxed* [#85] at 1-4. The burden therefore shifts to Defendant to overcome the presumption that Plaintiff is entitled to these costs. *In re Williams*, 558 F.3d at 1148.

Defendant argues that Plaintiff's partial victory makes the costs unreasonable, relying in part on *Tony's Taps, LLC v. PS Enterprises, Inc.*, No. 08-cv-01119-MSK-KLM, 2011 WL 1938185 (D. Colo. May 20, 2011), for the proposition that "the Court retains broad discretion to tailor an award of costs (or to deny costs outright) to fit the particular

circumstances of a case." *Motion* [#89] 4-5. The Court there found that the plaintiff's success "can only be described as 'nominal'" because "[t]he jury's award of $82 . . . constitutes a recovery of only 0.01% of the amount sought by the Plaintiff." *Tony's Taps*, 2011 WL 1938185, at *2. Here, although the jury only awarded Plaintiff $50,000 of his requested $3,500,000 (i.e., approximately 1.4% of his requested damages), the Court cannot find that $50,000 is merely a "nominal" award, as the Court found $82 to be in *Tony's Taps*.

Without more, Defendant's contention that Plaintiff's costs are unreasonable because of Plaintiff's partial success is not enough to overcome the presumption in Plaintiff's favor. The Court needs a valid, specific reason in order to deny or offset costs. For example, if Defendant had pointed to costs that were incurred solely with respect to Plaintiff's unsuccessful claims, then the Court may have had a valid reason to reduce the costs. *See, e.g.*, *In re Williams*, 558 F.3d at 1150 (holding that the district court did not err in failing to apportion costs where the claims factually overlapped and there was no clear distinction regarding which costs were attributable to which claims).

Thus, in short, the Court finds that Defendant has not met its burden of demonstrating that Plaintiff's costs were unreasonable on the basis of Plaintiff's limited success at trial.

**B.    Copy Costs**

Defendant makes two arguments in opposition to the Clerk's award of $5,419.12 in copy costs to Plaintiff, one regarding Plaintiff's justification of those costs and one involving the copy rates used by Plaintiff. *Motion* [#89] at 5-6.

**1.    Justification of Costs**

In making his decision, and after hearing argument from the parties, the Clerk noted that "[c]opying charges in a civil case for a prevailing party do not need every page to be held accountable." See [#85] at 3 (citing In re Williams, 558 F.3d at 1149). Consequently, after disallowing certain items, he awarded $5,419.12 in copy costs to Plaintiff.

Defendant argues that Plaintiff failed to justify his costs at the hearing before the Clerk. Id. at 5. Defendant asserts that "Plaintiff did not provide any documentation for . . . the number and purpose of copies claimed . . . , offering only a list of dates and charges with no additional information." Motion [#89] at 5-6. Defendant further states that "Plaintiff's only justification for the copy expenses were generalized statements about the litigation activities that occurred around a specific charge." Id. at 6. By way of example, Defendant points to the fact that "the Clerk awarded Plaintiff costs related to Requests for Production, however, Plaintiff provided electronic responses to Defendant's discovery requests." Id.

Defendant's argument that Plaintiff has not justified his copy costs fails for the same reasons discussed above in Section III.A. Motion [#89] at 5; see, e.g., Case v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1259 (10th Cir. 1998) (stating that the burden of justifying copy costs is not "a high one"). It is presumed that Plaintiff is entitled to costs, and Plaintiff has met this burden. Cantrell, 69 F.3d at 459. In consequence, if the Court were to reduce costs simply based on Defendant's contention that Plaintiff has not justified the costs, it would, in effect, move the presumption to the non-prevailing party. Defendant has not, for example, pointed to any particular copied documents that were not pertinent to Plaintiff's successful claims.

The one specific item about which Defendant complains is the Clerk's award to Plaintiff of copy costs related to Requests for Production where Plaintiff provided electronic responses to Defendant's discovery requests. *Reply* [#96] at 3. While this is troublesome, it is Defendant's burden to show which costs are unreasonable. *See In re Williams*, 558 F.3d at 1148. On the record before the Court, it cannot decipher which copy costs were directly attributable to this issue. The Court notes that such information would not be solely in Plaintiff's possession either. Because Defendant received Plaintiff's electronic responses, it should have a reasonable estimate of the number of pages which might be at issue here. However, none of that information is before the Court. Without more, Defendant has not shown that Plaintiff's copy costs in this area are unreasonable.

In short, the Court finds that Defendant has not provided enough information to support a reduction of the award of costs on the basis of this argument.

### 2. Copying Rate

In connection with the costs hearing before the Clerk of Court, the Clerk stated in relevant part: "The Clerk overrules Defendant's objection as to per page charges of $0.25/page. Counsel asserts that it is a reasonable amount - less than the USDC Clerk's Office charge per page; it gives weight to client requests for photocopies and thereby prevents abuse, and assists with high cost of photocopers [sic]." *See* [#85] at 3.

Defendant contends that Plaintiff's costs are unreasonable because Plaintiff's copy rate of $0.25 per page is excessive. *Motion* [#89] at 5-6. Defendant argues that Plaintiff's copy rates are unreasonable because they are higher than Staples ($0.04 per page according to its website) and Office Depot ($0.09 per page according its website). *Motion*

[#89] at 5-6 n.1. However, Defendant appears to concede that a rate of $0.13 per page is reasonable for the Denver area. *See Reply* [#96] at 3.

By way of comparison, Plaintiff first notes that the rates that he was charged for copies of medical records from health care providers ranged from $0.50 to $0.85. *Response* [#92] at 6. This rate, however, is largely immaterial to the present issue, because the medical bill copy costs were listed separately from other costs in the proposed bill of costs, and Defendant did not object to the medical bill copy costs. *See* [#85] at 4. Plaintiff also points to the Court's own rate, which is $0.50 per page when Court employee time is required to make the copy. *Response* [#92] at 6 (neglecting to also state that the Court's copy rate is $0.10 per page when printing a copy directly from the Court's computer system). Finally, Plaintiff states that his counsel's law firm charges clients a rate of $0.25 per page, without providing evidence either supporting that fact or showing the reasonableness of that rate. *Response* [#92] at 6. Regardless, the Court is aware of no authority holding that, simply because Plaintiff's law firm charges its clients a certain rate, that that rate is presumptively reasonable for purposes of determining cost allocation under Fed. R. Civ. P. 54(d)(1).

Astonishingly, neither party cites *any* case law in support of what is a reasonable rate to charge per copied page. In *In re Harpole Construction, Inc.*, No. 15-12630 T11, 2017 WL 1501384, at *4 (Bankr. D.N.M. Apr. 26, 2017), the court reduced the copy charges from $0.30 per page to $0.15 per page because the attorney's employment application had stated that he would charge only $0.15 per page. *See also Squires ex rel. Squires v. Breckenridge Outdoor Educ. Ctr.*, No. 10-cv-00309-CBS-BNB, 2013 WL 1231557, at *7 (D. Colo. Mar. 27, 2013) (approving a rate of $0.25 per page for color

copies); *Anderson v. Van Pelt*, No. 09-cv-00704-CMA-KMT, 2013 WL 856508, at *7 (D. Colo. Mar. 7, 2013) (approving a rate of $0.25 per page where the rate "reflect[ed] the cost of leasing a copier capable of producing the volume of documents necessary for trial in this case, the paper and toner used, as well as a law firm's inability to match the economies of scale available to a commercial copy service"). In *Felix v. City and County of Denver*, No. 08-cv-02228-MSK-KMT, 2011 WL 1085766, at *11 (D. Colo. Mar. 24, 2011), the court rejected the Clerk's award of $0.50 per page and instead awarded $0.07 per page based on a survey of other courts using rates between $0.05 and $0.12 per page.

To be sure, rates used in 2011 may not necessarily be the same as those used in 2019. Many other courts across the country have addressed this issue this year. *See, e.g.*, *Gilmore v. Blair*, No. 9:18-CV-0463 (GLS/DJS), 2019 WL 5883707, at *2 (N.D.N.Y. Nov. 12, 2019) (approving copy rate of $0.25 per page and citing other courts from the Northern District of New York that had recently approved that or higher rates); *Rodriguez v. City of Chicago*, No. 18-cv-372, 2019 WL 5184079, at *3 (N.D. Ill. Oct. 15, 2019) (approving copy rate of $0.20 per page and citing other courts in the Northern District of Illinois that had recently approved copy rates of $0.10 to $0.20 per page); *St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 18-21365-Civ-COOKE/TORRES, 2019 WL 5291008, at *3 (S.D. Fla. Aug. 7, 2019) (citing other courts in the Southern District of Florida to find that "rates for black and white copies generally range between $0.10 and $0.25 per page" but ultimately approving a rate of $0.10 per page for the case before it); *Pelka v. City of Waycross, Georgia*, No. CV 516-108, 2019 WL 1987309, at *3 (S.D. Ga. May 6, 2019) (approving a rate of $0.15 per page); *Rodriguez v. Miami-Dade County*, No. 8:15-cv-1621-

T-AAS, 2019 WL 1901594, at *5 (M.D. Fla. Apr. 29, 2019) (reducing the requested copy rate per page from $0.50 to $0.15).

Although a copy rate of $0.25 per page may be reasonable under some circumstances and in some locations, the Court finds that Plaintiff has not adequately supported his contention that this rate is reasonable here. *See In re Williams*, 558 F.3d at 1148 (stating that the "prevailing party bears the burden of establishing the amount of costs to which [he] is entitled"). First, there is no indication that the $0.25 copy rate includes employee time costs, as is the case for copies of medical records from medical providers and copies of court records made by court employees, or any other factor, such as the cost of renting a copy machine specifically for purposes of this litigation. *See Anderson*, 2013 WL 856508, at *7 (D. Colo. Mar. 7, 2013). Second, although Defendant concedes that a rate of $0.13 per page may be reasonable here in Denver, Defendant has also provided evidence that local copy stores charge between $0.04 and $0.09 per page for black and white copies. *Motion* [#89] at 5-6 n.1. Third, with few exceptions, the vast majority of courts surveyed both here and across the country have approved various rates *lower* than $0.25 per page for black and white copies.

Based on the evidence and legal authority before it, the Court finds that a rate of $0.15 is reasonable. Taking into account the Clerk of Court's findings as to which costs are permitted, the Court makes the following cost adjustments based solely on the copy rates:

| Date | Description | Amount |
|---|---|---|
| 07/31/18 | Copy Costs (1,316 x .15) | $197.40 |
| 08/07/18 | BIA – Printing (no objection) | $72.26 |
| 08/31/18 | Copy costs (191 x .15) | $28.65 |
| 09/30/18 | Copy costs (252 x .15) | $37.80 |

| | | |
|---|---|---|
| 10/31/18 | Copy costs (503 x .15) | $75.45 |
| 11/30/18 | No costs awarded | $0 |
| 12/31/18 | Copy costs (359 x .15) | $53.85 |
| 01/31/19 | No costs awarded | $0 |
| 02/28/19 | No costs awarded | $0 |
| 03/31/19 | Copy costs (4,657 x .15) | $698.55 |
| 04/30/19 | Copy costs (18,960 x .15) | $2,844.00 |

Thus, Plaintiff's award of $5,419.12 for copy costs is reduced to $4,007.96.

### IV. Conclusion

For the reasons set forth above,

IT IS HEREBY **ORDERED** that the Motion [#89] is **GRANTED in part and DENIED in part**. The Motion is **granted** to the extent that Plaintiff's award of $5,419.12 for copy costs is reduced to $4,007.96. The Motion is **denied** in all other respects.

Dated: November 20, 2019

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge